IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAKESHA R. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-CV-18 |
| | ) | |
| CAROLYN W. COLVIN[1], | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The Plaintiff, Lakesha R. Harrison, brought this action pursuant to Section 205(g) of the

Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision

of Defendant, the Commissioner of Social Security, denying Ms. Harrison's claim for Disability

Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act (the "Act").   The Court has before it the certified administrative

record and the parties have filed cross-motions for judgment.

## PROCEDURAL HISTORY

Ms. Harrison applied for benefits in December 2006.   The applications were denied

initially and upon reconsideration.   (Tr. 58-71, 73-80.)   Ms. Harrison requested a hearing *de*

*novo*, which was then held before an Administrative Law Judge ("ALJ").   (Tr. 21-57.)

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as the Defendant in this suit.   The lawsuit automatically
continues, per the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Thereafter the ALJ determined that Ms. Harrison was not disabled within the meaning of the Act. (Tr. 7-17.)   The Appeals Council denied Ms. Harrison's request for review, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.   (Tr. 1-3.)

In making this disability determination, the ALJ made the following relevant findings later adopted by the Commissioner:

> 5.     After careful consideration of the entire record, the undersigned finds that [Ms. Harrison] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally bend, stoop, crouch and balance.   She is restricted from kneeling and crawling. She is also restricted from climbing ropes, ladders or scaffolds.   She requires the option to sit for 5 minutes at the workstation after 20 to 30 minutes of standing or walking.   She is further restricted from working at unprotected heights or working in proximity to dangerous machinery.

(Tr. 12-13.)   The ALJ next determined that Ms. Harrison, who was 22 years old on her alleged onset date of disability, had no past relevant work.   (Tr. 15.)   Proceeding to step five, the ALJ concluded, based on the VE's testimony, and after considering Ms. Harrison's age, education, work experience and RFC, that "there are jobs that exist in significant numbers in the national economy that [Ms. Harrison] can perform."   (*Id.*)   Accordingly, the ALJ decided that Ms. Harrison was not under a disability as defined in the Act, at any relevant time.   (Tr. 16.)

## LEGAL FRAMEWORK

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits."   *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006).   However, "the scope of . . . review of [such an administrative] decision . . . is extremely limited."   *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981).   "The courts are not to try the case de novo." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).   Instead, a reviewing court must uphold

2

the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *Hines*, 453 F.3d at 561.

In confronting the issue so framed, "[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and, in this context, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)).

"To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Hall*, 658 F.2d at 264. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted). This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Commissioner of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).

Step 3 is of primary relevance in this case, specifically the requirement that the ALJ determine residual functional capacity ("RFC"). RFC "is a measurement of the most a claimant can do despite [the claimant's] limitations." *Hines*, 453 F.3d at 562.

3

**<u>ASSIGNMENT OF ERROR</u>**

Ms. Harrison raises one assignment of error on review. (Docket Entry 10 at 3-9.) She contends that the ALJ's RFC assessment fails to comply with the standards of Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, because "[t]he ALJ failed to specify in the RFC assessment exactly how much total time [Ms. Harrison] can stand and walk over the course of an 8 hour workday." (Docket Entry 10 at 5.) Ms. Harrison argues that by including in the RFC the "option to sit for 5 minutes at the workstation after 20 to 30 minutes of standing or walking" (*see* Tr. 13), "the ALJ specified only the least amount of time that Ms. Harrison can stand and walk, 20 to 30 minutes at a time." (Docket Entry 10 at 5.)

In response, Defendant raises two arguments: (1) Ms. Harrison waived this argument; and (2) Ms. Harrison has not shown any meaningful error. The Court need not address the waiver argument because Ms. Harrison does not prevail on the merits. First, the ALJ expressly found that Ms. Harrison was capable of performing light work "as defined in 20 C.F.R. 404.1567(b) and 416.967(b)" with various restrictions, including "the option to sit for 5 minutes at the workstation after 20 to 30 minutes of standing or walking." (Tr. 13.) The cited regulations provide that light work "requires a good deal of walking and standing," 20 C.F.R. § § 404.1567(b) and 416.967(b), and SSR 83-10 further clarifies that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 at *6. Thus, by finding that Ms. Harrison was capable of performing light work, the ALJ implicitly found that she was capable of standing or walking for approximately six hours in an eight-hour work day. *See Hines*, 453 F.3d at 563 (noting that, in the context of SSR 96-8p, ALJ's finding that plaintiff could

4

perform sedentary work with certain restrictions "implicitly contained a finding that [plaintiff] was physically able to work an eight hour day.")

Second, the ALJ's additional limitation that Ms. Harrison needed the option to sit for five minutes after 20 to 30 minutes of standing or walking makes clear his findings about the amount of time Ms. Harrison can stand and walk for a total of six hours in a work day. Assuming an eight-hour work day with two 15-minute breaks and a one-hour lunch break, sitting for five minutes after just 20 minutes of walking or standing amounts to a total of six hours and five minutes of total standing or walking and sitting for five minutes after 30 minutes of walking or standing amounts to a total of six hours and 40 minutes of standing or walking. Either way, the ALJ found that Ms. Harrison was capable of standing or walking for approximately six hours in an eight-hour work day. Mathematical precision to the minute is not required.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is affirmed, that Ms. Harrison's Motion for Summary Judgment (Docket Entry 9) seeking a reversal of the Commissioner's decision is **DENIED**, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 11) is **GRANTED**, and that this action is dismissed with prejudice.

This the 17th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE